Betty J. VICKREY, Appellant,

v.

AMERICAN YOUTH CAMPS, INC., et al., Appellees.

No. 5436.

Court of Civil Appeals of Texas, Waco.

Aug. 28, 1975.

Rehearing Denied Sept. 18, 1975.

---

Andress, Woodgate & Lodewick, William Andress, Jr., Dallas, for appellant.

Vance, McMullen, Connally & Robertson, Inc., Steve Robertson, Clifton, for appellees.

HALL, Justice.

American Youth Camps, Inc., and Joe W. Phillips, Jr., brought this suit against Betty J. Vickrey and the trustees in a deed of trust. Although there are lesser issues shown by the pleadings, the main dispute between the parties is the ownership of 175.5 acres of land in Coryell County. While the trial of the case was in progress before a jury, the parties, on October 1, 1974, compromised and settled their differences. The settlement was announced in open court and dictated into the record on that date with the parties as well as their attorneys actively participating in the dictation. The judgment in the case, incorporating the settlement agreement, was later reduced to writing and signed and entered by the court on November 20, 1974. Only Mrs. Vickrey appeals.

In her first and second points of error, the appellant asserts that the judgment cannot stand because it "was not signed by the parties or their attorneys showing active agreement at the time of entry," and "was not based upon an agreement complying with Rule 11."

When the parties announced to the court that they had reached a settlement, the court stated: "I do want to say on the record in this case that it is my understanding that the parties to this litigation have compromised the matters in controversy and that for purposes of the record, so that there will be no misunderstanding, that whatever compromise is reached in open court, the court having discharged this jury, will have the effect of an agreed judgment, which will be final in all respects and binding on all the parties and enforceable by the court. Is that agreeable with counsel? Do you understand that?" The attorneys for the parties responded, "We understand your honor," and "Yes, your honor." The settlement agreement was then dictated into the record and transcribed by the court reporter. At the ending of the dictation, the court said. "All right, now, it is agreed and stipulated . . . that the settlement will have the effect of a full and final judgment." Again, the attorneys responded affirmatively.

Rule 11, Vernon's Ann.Rules Civ.Proc., provides:

> No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

The settlement agreement was announced and stipulated in full by the parties in open court. In her amended motion for new trial the appellant refers to "the filed transcription of the proposed settlement agreement." Although the appellant has brought forward a transcription by the court reporter of the agreement, this transcription was not filed with the clerk of the trial court. The filed transcription referred to in the appellant's motion for new trial is not in the appellate record, which does not purport to be a complete record. The appellate record does not conclusively show that the settlement agreement was not filed of record in the trial court. We presume that it was, as recited in the appellant's motion for new trial. Thus, the second method for satisfying the provisions of Rule 11 was met, obviating the need for the agreement to be signed by the parties.

A large part of the appellant's brief is devoted to the argument that the judgment is invalid because she had changed her mind and was no longer in agreement with its entry at the time it was rendered. In every case cited by the appellant in support of this argument, and in every case we have found on the question in which the judgment was reversed on appeal, the recited facts show that the trial court knew at the time it rendered the so-called consent decree that one of the parties was not in agreement with it. Under our record, notice of the appellant's asserted disenchantment with the settlement agreement (and the agreement to base judgment upon it) was conveyed to the court for the first time after the judgment was rendered and entered of record, by way of the appellant's motion for new trial.

The first and second points of error are overruled.

Appellant's third and final point of error reads as follows: "This purported agreed judgment, not conforming to prior negotiations, cannot stand." Under this general point, she complains that there are discrepancies between the settlement agreement and the judgment relating to the awards of realty, a note to be executed in her favor, and the boundaries of the divided tracts. The only proof relating to an alleged boundary discrepancy came from the appellant on the hearing of the motion for new trial. She testified, "I had heard that they had changed the borders." This hearsay testimony is not probative and does not support the complaint. The other complaints are also without support in the record.

The third point is overruled.

The judgment is affirmed.