Betty J. VICKREY, Petitioner,

v.

AMERICAN YOUTH CAMPS, INC., et al., Respondents.

No. B–5605.

Supreme Court of Texas.

Jan. 7, 1976.

Rehearing Denied March 3, 1976.

Andress, Woodgate & Lodewick, William Andress, Jr., Dallas, for petitioner.

Vance, McMullen, Connally & Robertson, Steve Robertson, Clifton, for respondents.

PER CURIAM.

American Youth Camps, Inc. and Joe Phillips, Jr., Respondents, brought this action against Betty Vickrey, Petitioner. Respondents sought to prevent Mrs. Vickrey from foreclosing, under a deed of trust, on certain real property to which American Youth Camps claimed title, and to remove the deed of trust as a cloud on American Youth Camps' title. Asserting breach of promise by Mrs. Vickrey, they further prayed for recovery of certain funds that American Youth Camps had become obligated to pay Mr. Phillips. Mrs. Vickrey filed a cross-action seeking judicial foreclosure. The parties reached a settlement agreement which was dictated in open court pursuant to Rule 11, Tex.R.Civ.P. At a subsequent date, the trial court entered final judgment, referring to and incorporating the earlier settlement agreement. Complaining that it did not conform to the settlement agreement reached by the parties, Mrs. Vickrey appealed from the entry of this final judgment. The court of civil appeals affirmed the final judgment as entered, holding that Mrs. Vickrey's complaints were without support in the record. 526 S.W.2d 727.

Among other discrepancies complained of, Mrs. Vickrey points out that the settlement agreement provided for Mr. Phillips to receive 63 acres of the property in question and for his execution of a $10,-000 note favoring her, while the final judgment as entered awards the 63 acres to American Youth Camps and requires it, rather than Mr. Phillips, to execute the note. A final judgment which is founded upon a settlement agreement reached by the parties must be in strict or literal compliance with that agreement. *Wyss v. Bookman*, 235 S.W. 567 (Tex.Comm.App. 1921); *Edwards v. Gifford*, 137 Tex. 559, 155 S.W.2d 786 (1941).

Pursuant to Rule 483, Tex.R.Civ.P., the decision of the court of civil appeals being in conflict with the above cited cases, the application for writ of error is granted and, without hearing oral argument, we reverse the judgment of the court of civil appeals and remand the cause to the trial court.