CV2-567 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-567-CV




JANE R. MATYASTIK,



 APPELLANT


vs.





THE STATE BAR OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT 

NO. 91-053-C368, HONORABLE TEMPLE R. DRIVER, JUDGE PRESIDING



 





PER CURIAM



 Jane R. Matyastik appeals from the trial court judgment that issued a public
reprimand in a disciplinary action taken against her by the State Bar of Texas (SBOT). We will
affirm the judgment.

 The SBOT brought a disciplinary action against Matyastik, originally alleging three
separate counts of misconduct involving three different clients. Discovery problems resulted in
sanctions against Matyastik. She then entered into an agreed judgment of public reprimand, with
the SBOT dismissing, with prejudice, all allegations other than the one violation covered by the
reprimand.

 Matyastik brings three points of error, contending that the trial court erred in: (1)
sanctioning her out of court; (2) denying her due process of law by its sanctions; and (3) hearing
the cause because the trial judge was not properly appointed. We will overrule all points of error
and affirm the judgment of the trial court.

 This is an appeal from an agreed judgment. See Tex. R. Civ. P. 11. An agreed
judgment has the same degree of finality and force as does one rendered by the court at the
conclusion of an adversary proceeding except to the degree that it ends the controversy between
the parties and excuses error. Ex parte Gorena, 595 S.W.2d 841, 844 (Tex. 1979); Wagner v.
Warnasch, 295 S.W.2d 890, 893 (Tex. 1956); Giddings v. Giddings, 701 S.W.2d 284, 287 (Tex.
App.-Austin 1985, writ ref'd n.r.e.); see generally 5 Texas Civil Practice § 27:50 (Diane M.
Allen et. al. eds., 1992 ed.). Consent must exist at the time the judgment is rendered. Kennedy
v. Hyde, 682 S.W.2d 525, 528 (Tex. 1984). The decree by the court cures every defect of
pleading and all other non-jurisdictional errors. Travelers Ins. Co. v. Williams, 603 S.W.2d 258,
262 (Tex. Civ. App.--Corpus Christi 1980, no writ). An agreed judgment is not subject to attack
except for allegations of fraud or mistake. See H. Tebbs, Inc. v. Silver Eagle Distrib., Inc., 797
S.W.2d 80, 83 (Tex. App.--Austin 1990, no writ); Hill v. Hill, 599 S.W.2d 691 (Tex. Civ.
App.--Austin 1980, no writ).

 In her first two points of error, Matyastik raises no grounds for reversing an agreed
judgment. She does not contend that the judgment fails to comply with Rule 11, that it was
obtained through fraud, collusion, or mutual mistake, that the court did not have jurisdiction, or
that she did not consent at the time the court rendered judgment. Instead, she contends that the
trial court abused its discretion by imposing excessive discovery sanctions that denied her due
process. The connection between the discovery sanctions and the fact that this is an agreed
judgment occurs in her motion for new trial, in which she contended that the discovery sanctions
prevented her from properly defending herself and were improper under Transamerican Natural
Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991). She implied that she agreed to the consent
judgment as a result of the sanctions. (1)

 On appeal, without acknowledging that this is an agreed judgment, Matyastik
simply argues that the sanctions were improper. Her remedy for improper discovery sanctions,
however, was not to enter into an agreed judgment but to present whatever defense she could
make, obtain a final judgment, and appeal that judgment. If appeal were inadequate, then
mandamus may have been appropriate. See Walker v. Packer, 827 S.W.2d 833 (Tex. 1992)(orig.
proceeding); Transamerican, 811 S.W.2d at 913. Because neither of her first two points of error
presents a ground for reversing an agreed judgment, we overrule points of error one and two.

 In her third point of error, Matyastik contends that the trial judge was not appointed
within the time mandated by the SBOT's rules. (2) We assume that in this point of error, Matyastik 
asserts that the judgment is void because the judge acted without authority. The pertinent
language of the rule on which Matyastik relies is: "Upon motion of either party filed within thirty
(30) days after a judge is assigned, or within thirty (30) days after service of citation upon the
respondent, whichever is later, the judge shall recuse himself. . . ." Art. X, § 20 State Bar Rules
(emphasis added).

 We fail to see the relevance of this rule to Matyastik's situation. The time limit
referred to in the rule relates to the period within which a party may file a motion to recuse, not
to a time limit on the appointment process. Further, the record does not contain a motion to
recuse. Even if the time limit applied to the appointment process, Matyastik filed no motion to
trigger that process under this rule. Matyastik presents no question that the judgment is void
because of a lack of authority on the trial judge's part. We overrule point of error three.

 We affirm the judgment of the trial court.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: October 20, 1993

Do Not Publish
1. [1] The motion for new trial may have been too late to attempt to raise the issue of lack of
consent. See Vickrey v. American Youth Camps, Inc., 526 S.W.2d 727, 729 (Tex. Civ.
App.--Waco 1975), rev'd on other grounds, 532 S.W.2d 292 (Tex. 1976) (notice of disagreement
with settlement after judgment rendered did not invalidate judgment on basis that consent did not
exist at time of rendition of judgment).
2. [2] The controlling rule at the time was Art. X, § 20 of the State Bar Rules, reprinted in Tex.
Gov't Code Ann., tit. 2, subtit. G app. (West 1988). The provision concerning the assignment
of judges has been revised and now is found at Tex. R. Disciplinary P. 3.02. The new
disciplinary rules do not apply to proceedings commenced before May 1, 1992, as this one was. 
Tex. R. Disciplinary P. 1.04.