Affirmed and Opinion filed January 29, 2008








Affirmed and Opinion filed January 29, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00500-CV

_______________

 

BAYLOR COLLEGE OF MEDICINE, Appellant

 

V.

 

ROY A. CAMBERG, ADMINISTRATOR OF THE ESTATE OF 

ANA JULIA ORTIZ, DECEASED, and TEXAS DEPARTMENT 

OF FAMILY & PROTECTIVE SERVICES as Next Friend of

ANA DELIA MEJIA ORTIZ, ENID VALENTINA MEJIA ORTIZ, 

and RIGOBERTO MEJIA ORTIZ, Minors, Appellees

                                                                                                                                               


On Appeal from Probate Court No. 1

 Harris County, Texas

Trial Court Cause No. 332744-402

                                                                                                                                               


 

O P I N I O N








This appeal from the trial court=s entry of judgment in a wrongful
death case comes to us in an usual procedural posture.  Appellant asks us to
construe a Rule 11 settlement agreement entered into by the parties during jury
deliberations.  Appellees, on the other hand, contend that after the parties
disputed the terms of the Rule 11 agreement, the trial court disregarded the
agreement and entered judgment on the jury=s verdict.  The record supports the
conclusion that the trial court entered judgment on the jury=s verdict rather than the Rule 11
agreement.  We therefore affirm the trial court=s judgment without the necessity of
construing the Rule 11 agreement.

I.  Factual
and Procedural Background

Roy A. Camberg, Administrator of the
Estate of Ana Julia Ortiz, Deceased, and Texas Department of Family &
Protective Services as next friend of Ana Delia Mejia Ortiz, Enid Valentina
Mejia Ortiz, and Rigoberto Mejia Ortiz, minors (collectively, Aappellees@) sued Baylor College of Medicine (ABaylor@) for the wrongful death of the minor
children=s mother, Ana Julia Ortiz.  At trial,
while  the jury was deliberating, Baylor and appellees entered into a Rule 11 Ahigh-low agreement.@[1]  The record reflects that this
agreement was initially proposed by Baylor as follows:

[If there
is a damage award, a]nd it=s less than
$500,000, the Defendants agree to [pay] the named Plaintiffs $500,000.

If the
damages awarded by the Jury are between $500,000 and $1.1 million, the
Defendant will pay the verdict award by the jury.

If the verdict is in excess of $1.1 million, the
Defendants will pay to the named Plaintiffs $1.1 million.

 

But appellees rejected this offer
because they did not want the minimum amount conditioned on a finding of
liability.  Baylor then modified the agreement, which was memorialized in the
record as follows:

Court: Okay, high/low, low is $500,000, high is $1.1
million, period.

Baylor:           And if it=s in-between, we pay the in-between.

Appellees:      And the court costs are $15,000, not
to exceed, and the ad litem fees are $10,000, not to exceed.

Court: Okay.








Baylor:           Now, can the Court make a docket
entry on that?

Court: Well, is that your agreement?

Baylor:           Yes, sir.

Court:             Is that your agreement?

Appellees:      Yes, Your Honor.

Court: You have the agreement. 

The jury returned its verdict on
March 8, 2006.  As relevant to this appeal, the jury found $898,000 in
damages.  On March 14, appellees filed a motion for entry of judgment that
included a proposed judgment, which comported with the jury=s verdict but made no reference to
the Rule 11 agreement.  The motion itself provided:

Plaintiffs
hereby move the court to enter judgment in this matter, as set forth in the
attached proposed judgment.  The judgment is supported by the jury=s verdict, and is for an amount within the parties= agreement to settle this case under the high-low
agreement announced to the court on March 6, 2006.

In addition to $898,000 in damages,
appellees= proposed judgment included prejudgment interest on the jury=s damage award.[2] 
Appellees set this motion for hearing on March 23, 2006.  

The next day, Baylor responded by
filing a motion to enforce the Rule 11 agreement and for entry of final
judgment.  Baylor attached its own proposed judgment, which explicitly
referenced the Rule 11 agreement and omitted any interest on the damages found
by the jury.  This motion was also set for hearing on March 23.  At the 
beginning of the hearing, the trial court noted, AI have had an opportunity to go
through everything.  What I=m going to do is enter [appellees=] judgment, only I=m changing [the amount of certified
court costs] . . . .@  The trial court signed the final judgment at the hearing,
and  Baylor timely filed this appeal.








II.  Issue
Presented

In a single issue, Baylor asserts
that, by including prejudgment interest in its judgment, the trial court
supplied terms or essential details not included in the parties= Rule 11 settlement agreement and
thus violated its Aministerial duty@ to record only that which was agreed
to by the parties.  Appellees respond that the trial court=s judgment was not based on the Rule 11
agreement, but instead was rendered on the jury=s verdict because the parties
disputed the terms of the agreement.[3]

III. 
Standard of Review

The trial court=s Adecision whether a settlement
agreement should be enforced as an agreed judgment or must be the subject of a
contract action requiring additional pleadings and proof is subject to the
abuse of discretion standard of review.@ Staley v. Herblin, 188 S.W.3d
334, 336 (Tex. App.CDallas 2006, pet. denied) (citing Mantas v. Fifth Court of
Appeals, 925 S.W.2d 656, 659 (Tex. 1996)).  Because the trial court has no
discretion in determining what the law is or in applying the law to the facts,
the trial court=s failure to analyze or apply the law correctly is an abuse
of discretion.  In re Am. Homestar of Lancaster, Inc., 50 S.W.3d 480,
483 (Tex. 2001); Appleton v. Appleton, 76 S.W.3d 78, 86 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
Finally, the appellant bears the burden to establish error in the trial court=s judgment.  Englander Co. v.
Kennedy, 428 S.W.2d 806, 807 (Tex. 1968) (per curiam); Trevino v.
Houston Orthopedic Ctr., 831 S.W.2d 341, 344 (Tex. App.CHouston [14th Dist.] 1992, writ
denied). 








III. 
Analysis

A.         Preservation of Error

As a preliminary matter, appellees
assert that Baylor did not preserve error because it failed to plead or prove
any claim for breach of contract or otherwise obtain a ruling supporting its
appellate complaint.  But Baylor filed a motion to enforce the Rule 11
agreement, which was noticed for hearing on the same date as appellees= motion for entry of judgment.  By
rendering judgment in accordance with the jury=s verdict, the trial court implicitly
overruled Baylor=s motion.  See Tex. R. App. P. 33.1(a).  Thus, Baylor
has preserved error on its appellate complaint.

B.        The
Rule 11 Agreement

Here, the parties do not dispute that
they entered into a valid Rule 11 agreement.  This Rule provides:  

Unless
otherwise provided in these rules, no agreement between attorneys or parties
touching any suit pending will be enforced unless it be in writing, signed and
filed with the papers as part of the record, or unless it be made in open
court and entered of record.

Tex. R. Civ.
P. 11 (emphasis added). 
As noted above, the parties in this case entered into a Ahigh-low@ Rule 11 agreement, which was
memorialized in the record in open court.   

A judgment rendered on a Rule 11
agreement must be Ain strict or literal compliance@ with the terms recited into the
record and cannot remove or add material terms.  See Chisholm v.
Chisholm, 209 S.W.3d 96, 98 (Tex. 2006) (per curiam) (citing Vickrey v.
Am. Youth Camps, Inc., 532 S.W.2d 292, 292 (Tex. 1976) (per curiam)). When
such a consent judgment is rendered after consent is withdrawn or is not in
strict compliance with the terms of the agreement, the judgment must be set
aside.  Id.  (citing Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d
288, 291B92 (1951)).  But notwithstanding an
agreement valid under Rule 11, consent to the agreement must also exist at the
time an agreed judgment is rendered.  See id. at 98; Padilla v.
LaFrance, 907 S.W.2d 454, 461 (Tex. 1995); Quintero v. Jim Walter Homes,
Inc., 654 S.W.2d 442, 444 (Tex. 1983). 








Generally, the appellate remedy for a
trial court=s entry of an agreed judgment when the court is or should be aware that
the parties no longer consent is to reverse and remand for a new trial.  See
Quintero, 654 S.W.2d at 444; Burnaman, 150 Tex. at 338B39, 240 S.W.2d at 291B93; Staley, 188 S.W.3d at 336B37; Sohocki v. Sohocki, 897
S.W.2d 422, 424 (Tex. App.CCorpus Christi 1995, no writ); Farr v. McKinzie, 477
S.W.2d 672, 677B78 (Tex. Civ. App.CHouston [14th Dist.] 1972, writ ref=d n.r.e.).  A withdrawal of consent
must be effectively communicated to the trial court.  See First Heights
Bank, FSB v. Marom, 934 S.W.2d 843, 845 (Tex. App.CHouston [14th Dist.] 1996, no writ). 
AThe proper inquiry is whether the
information in the trial court=s possession is clearly sufficient and of such a nature as to
put the court on notice that a party=s consent is lacking . . . .@  Sohocki, 897 S.W.2d at 424. 
When parties to a settlement agreement submit conflicting motions for entry of
judgment, the trial court is on notice that mutual consent is lacking.  Milstead
v. Milstead, 633 S.W.2d 347, 348 (Tex. App.CCorpus Christi 1982, no writ).  AThe only effect of a party=s withdrawal of consent to a Rule 11
settlement agreement, practically speaking, is that the judgment sought becomes
one enforcing a binding contract rather than the basis of an agreed judgment.@  Hon. Andrew S. Hanen & Jeffrey
M. Benton, The Enforceability of Settlement Agreements, 40 Advoc. (St. B. Tex. Litig. Sec. Rep.)
69, 74 (Fall 2007).

C.        The
Trial Court=s Judgment








Baylor contends that consent to the
Rule 11 agreement in this case was not withdrawn by either party.  Instead,
Baylor maintains that the parties asserted competing interpretations of the
agreement,[4] and the trial
court erroneously entered judgment in accordance with appellees= asserted interpretation.  Appellees
argue that the trial court, aware of the parties= disputed interpretations of the
settlement agreement, rendered judgment on the jury=s verdict because it determined
consent to the settlement agreement was lacking.  After thorough review of the
record, we conclude that the record supports appellees= position.

First, the trial court was notified
that the parties no longer consented to the Rule 11 agreement because they
filed conflicting motions for entry of judgment.[5] 
See Milstead, 633 S.W.2d at 348.  Second, the record from the hearing on
the parties= motions to enter judgment is devoid of any indication that the court was
entering judgment based on the Rule 11 agreement.  Although Baylor claims in
its reply brief that at the hearing, Aneither party asked the trial court
to enter judgment on the verdict . . . , and the trial court said nothing to
support such a view of its judgment,@  the trial court=s only reference to the judgment at
this very brief hearing was that it had reviewed Aeverything@ and was entering appellees= proposed judgment, with a reduction
to court costs.  And, most importantly, the judgment itself, rather than
referencing or incorporating the Rule 11 agreement, instead references and
incorporates the jury=s verdict as follows:

On February
20, 2006, the court called this case for trial.  Plaintiffs . . . appeared . .
. and announced ready for trial.  Defendant . . . appeared through its
designated corporate representative and through its attorney and announced
ready for trial.  The court impaneled and swore the jury, which heard the
evidence and arguments of counsel.  The court submitted questions, definitions,
and instructions to the jury.








On March 7,
2006, and in response to the questions submitted, the jury made findings that
the court received, filed, and entered of record.  The questions submitted
to the jury and the jury=s
findings are attached as Exhibit A and incorporated by reference. 

(emphasis added).

Further, nothing in the record
indicates that Baylor employed a proper procedure for enforcing a Rule 11
settlement agreement once the parties proffered differing interpretations of
the agreement. For example, Baylor did not file a motion for summary judgment
seeking interpretation of the Rule 11 agreement.  Cf. Padilla, 907
S.W.2d at 462; Quintero, 654 S.W.2d at 444; Davis v. Wickham, 917
S.W.2d 414, 416 (Tex. App.CHouston [14th Dist.] 1996, no writ).  In addition, Baylor did
not seek correction or reformation of the judgment entered by the trial court.[6]


In its reply brief, Baylor asserts
that Athe trial court had no power to
render judgment on the [jury] verdict because it was required to strictly
effectuate the exact terms of the Rule 11 agreement,@ citing Vickrey v. American Youth
Camps, Inc.  532 S.W.2d 292.  The court in Vickrey, however, was not
faced with the unique procedural facts that exist in this case, i.e., a
disputed Rule 11 settlement agreement and a jury verdict.  In fact,
there is no mention of a jury verdict at all in that case.[7] 
Id. at 292.  Instead, Vickrey stands for the well-established
proposition that A[a] final judgment which is founded upon a settlement
agreement reached by the parties must be in strict or literal compliance with
that agreement.@  Id.  As discussed above, the final judgment in this
case does not purport to be founded upon a settlement agreement.








Baylor further contends that
appellees= Amisleading assertions that the
judgment is not based on the Rule 11 agreement are negated by a motion filed by
Roy Camberg, . . . [the] administrator of the estate of Julia Ana Ortiz.@  This motion, entitled AMotion for Authority for
Administrator to Execute Partial Release of Judgment, Agreement Concerning
Partial Settlement and Appeal and Disbursement Agreement,@[8] states, AThis case was tried to a jury and a
high-low settlement agreement (>Agreement=) was reached.  A dispute has arisen
whether interest should be included in the Agreement.@  The documents cited in this motion
refer to the trial court=s AFinal Judgment@ and do not indicate whether this
judgment was based on the Rule 11 agreement.  Thus, contrary to Baylor=s argument, nothing in this motion
indicates that the trial court=s judgment was rendered on the settlement agreement. 

Under the Texas Rules of Civil
Procedure, a trial court is required to render judgment on a jury=s special verdict unless Aset aside or a new trial is granted,
or judgment is rendered notwithstanding verdict or jury finding . . . . @  Tex.
R. Civ. P. 300.  Baylor has provided no argument or authority that the trial
court was precluded from rendering judgment on the jury=s verdict in this situation.  As
appellant, Baylor bears the burden to establish error in the trial court=s judgment.  Englander Co.,
428 S.W.2d at 807; Trevino, 831 S.W.2d at 344.  Under these
circumstances, Baylor has not established that the trial court=s judgment was erroneously rendered
on the Rule 11 agreement.  We therefore overrule Baylor=s sole issue.

III. 
Conclusion








In sum, the record supports the
conclusion that the parties disputed the terms of the Rule 11 agreement; thus,
the trial court was precluded from entering an agreed judgment.  Nothing in the
record indicates Baylor employed a proper procedure for enforcement of a
settlement agreement. Finally, the judgment itself indicates it is based on the
jury=s verdict rather the Rule 11
agreement.  Because the record does not support Baylor=s contention that the trial court
erroneously entered judgment on the Rule 11 agreement, we affirm the trial
court=s judgment. 

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Opinion filed
January 29, 2008.

Panel consists of Justices Yates,
Fowler, and Guzman. 









[1]  A high‑low agreement is defined as A[a] settlement in which a defendant agrees to pay the
plaintiff a minimum recovery in return for the plaintiff=s agreement to accept a maximum amount regardless of
the outcome of the trial.@  Black=s
Law Dictionary 746 (8th ed. 2004).





[2]  An unsigned copy of this proposed judgment is not
included in our record because the trial court, after making an adjustment to
the figure for court costs, signed the copy of the judgment attached to
appellees= motion.





[3]  Appellees additionally assert that prejudgment
interest is a necessary part of damages in a wrongful death case and thus
properly included in the judgment even if the judgment were based on the Rule
11 agreement.  See, e.g., Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.3d 887, 898 (Tex. 2000) (APrejudgment
interest falls within the common-law meaning of >damages.=@) (citing Cavnar v. Quality Control Parking, Inc.,
696 S.W.2d 549, 552B54 (Tex. 1985)); see also Carl J. Battaglia,
M.D., P.A. v. Alexander, 177 S.W.3d 893, 908 (Tex. 2005) (AWe also held in both Columbia Hospital and Horizon/CMS
Healthcare Corp. v. Auld that language similar to >amount of damages to be recovered by the claimant= includes not only actual damages but prejudgment
interest as well.@).  We need not consider this argument, however,
because of our determination that the trial court rendered judgment on the jury=s verdict, rather than the Rule 11 agreement.





[4]  Baylor cites Romero v. KPH Consolidation, Inc.
to support its contention that in the context of a high-low agreement, Aprejudgment interest should not be awarded on the
agreed settlement amount.@  While this contention may be true, we do not find
support for the proposition in Romero.  166 S.W.3d 212 (Tex. 2005). 
Indeed, the only reference to a high-low agreement in Romero occurs in
the section detailing the background facts of the case:

The jury
found actual damages of $28.6 million and punitive damages of $12 million. 
Based on the verdict, the trial court determined awards for each plaintiff
against Columbia that totaled a little over $25 million, including prejudgment
interest, but under a high-low settlement agreement, the trial court rendered
judgment for $11,440,000 in actual damages.

Id. at 219. 
We do not regard this brief mention of a high-low agreement included in the
factual background of that case as support for Baylor=s contention.





[5]  As noted above, appellees= motion for entry of judgment specified that the
attached proposed judgment was Asupported by
the jury=s verdict@
and Afor an amount within the parties= agreement.@ 
Their proposed judgment did not indicate that it was based on the high-low
agreement and instead appears to be a judgment on the jury=s verdict.  Baylor=s
motion, on the other hand, stated, APlaintiffs
have submitted a proposed Final Judgment ignoring the Settlement Agreement and
including pre-judgment interest.@ 
Baylor=s proposed judgment also specifically referenced the
high-low agreement.





[6]  See Tex.
R. Civ. P. 329b(g); see also Hanen & Benton, supra, at
75 (observing that, where, as here, the terms of a settlement agreement are not
memorialized in a trial court=s judgment, Athe only avenue to keep the[] enforcement action in
the presiding court is through a motion to reinstate, or a motion to modify,
correct or reform a judgment, either of which must be filed within 30 days
after the judgment is signed@) (citations
omitted).





[7]  In Vickrey, the court noted, Athe trial court entered final judgment, referring
to and incorporating the earlier settlement agreement.@  Id. at 292 (emphasis added).  But here, the
final judgment neither refers to nor incorporates the settlement agreement.





[8]  The AAgreement
Concerning Partial Settlement and Appeal@
mentioned in the title of this motion refers to a separate written settlement
agreement entered into between appellees and Baylor after judgment was rendered
in this case.