MEMORANDUM OPINION

 

No. 04-07-00838-CV

 

IN THE INTEREST OF
T.B., a Child

 

From the 224th Judicial
District Court, Bexar County, Texas

Trial Court No. 2004-CI-04373

Honorable Lori Massey,
Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice 

 

Sitting:            Karen Angelini, Justice

                        Rebecca
Simmons, Justice

                        Steven
C. Hilbig, Justice

 

Delivered and
Filed:   April 3, 2009

 

VACATED AND
REMANDED

 

Appellant
Oliver Bourgoin appeals the entry of an order based on an arbitration award. 
Bourgoin contends that the order should be vacated because: (1) it goes beyond
the scope of the arbitration and conflicts with the mediated settlement
agreement that governs the parties’ relationship, and (2) the arbitration
award, on which the order is based, is actually a settlement agreement that fails
to comply with Rule 11.  See Tex.
R. Civ. P. 11.  We agree the trial court’s order exceeded the award of
the arbitrator.  Therefore, we vacate the order of the trial court and remand
this matter to the trial court for further proceedings consistent with this
opinion.

Factual Background

Bourgoin
filed an Original Petition in Suit Affecting the Parent Child Relationship in
March 2004.  Shortly thereafter, the parties agreed to mediation and reached a
Mediated Settlement Agreement.  In the Mediated Settlement Agreement, the
parties agreed to try to resolve “any dispute” arising from the interpretation
or performance of the agreement by holding a phone conference with the
mediator.  The agreement also required the parties to appear in court at the
“first available date” to secure rendition of judgment in accordance with the
agreement.  No such judgment was entered.  Approximately seven months later, on
January 14, 2005, Appellee Nadyezhida Khatman filed an Original Counter-Petition
in Suit Affecting the Parent Child Relationship and an Original Petition for
Divorce.

            In
response, Bourgoin filed a motion requesting that Khatman’s action be abated
until the dispute resolution provisions of the Mediated Settlement Agreement were
satisfied.  At the abatement hearing, the trial court found that the Mediated
Settlement Agreement entered into by the parties was valid and enforceable
under section 153.0071 of the Texas Family Code.  See Tex. Fam. Code Ann. § 153.0071(a) (Vernon
2005).  The trial court granted the abatement and ordered the parties to mediation. 
Bourgoin contends the only issues to be mediated were the enforcement and
interpretation of the Mediated Settlement Agreement.

Despite
the order to mediate, the parties subsequently verbally agreed to enter into
arbitration which began on October 6, 2005.  No written guidelines or
instructions were provided to the arbitrator.  At the conclusion of the
proceedings, the arbitrator signed a handwritten document entitled “Arbitration,”
detailing conservatorship issues pertaining to the child, and setting forth the
division of assets with respect to eight specific items.  Neither party signed
the document, and for approximately two years, no order was entered based on
the arbitrator’s award.  

On
September 4, 2007, Khatman requested the trial court enter an order reflecting the
arbitration award, and the trial court issued an Order Based on Arbitration
Award and In Suit Affecting the Parent Child Relationship (the Order).  In response,
 Bourgoin filed a motion to modify, correct, or reform the trial court’s Order
contending that the Order not only contained awards contrary to the Mediated
Settlement Agreement, previously recognized by the court, but conflicted with
and exceeded the terms of the arbitration award.  Bourgoin’s motion to modify
was overruled by operation of law.  This appeal followed.

The Agreement

Bourgoin
argues that the Order: (1) ignores and conflicts with the valid and enforceable
Mediated Settlement Agreement, (2) exceeds the scope of the arbitration, (3)
exceeds the arbitration award, and (4) is based on an invalid mediation
settlement wrongfully characterized as an arbitration award which should,
therefore, be vacated.  In support of his fourth point, Bourgoin argues that the
agreed arbitration devolved into a mediation and that the document entitled “Arbitration”
is, in effect, a mediated settlement agreement.  He further asserts that the
document is not enforceable as a settlement because Texas Rule of Civil Procedure
11 requires the agreement be in writing and signed by all parties.  See Tex. R. Civ. P. 11 (“Unless otherwise
provided in these rules, no agreement between attorneys or parties touching any
suit pending will be enforced unless it be in writing, signed and filed with
the papers as part of the record, or unless it be made in open court and
entered of record.”).  Likewise, the arbitration award also fails to satisfy
the written criteria for a mediated settlement agreement.  See Tex. Fam. Code Ann. § 153.0071(a) (Vernon
2009) (stating that a mediated settlement agreement must be in writing and
signed by the parties).  We must, therefore, first determine the validity of
the arbitration award. 

 

 

A.  Arbitration
Award          

Although
Bourgoin alleges it was out of sheer desperation, he concedes in both his brief
and his testimony before the trial court that the parties agreed to binding
arbitration over the issues arising from the Mediated Settlement Agreement.[1]  Moreover, the trial court made a
finding of fact that the parties entered into a binding arbitration.  Arbitration
agreements may be binding in suits affecting the parent-child relationship: 
“If the parties agree to binding arbitration, the court shall render an order
reflecting the arbitrator’s award unless the court determiners at a non-jury
hearing that the award is not in the best interest of the child.”  Tex. Fam. Code Ann. § 153.0071(b)
(Vernon 2009).  Although Bourgoin agreed to the arbitration, he seeks to vacate
the award complaining that the arbitration proceeding turned into a mediated
settlement because the session was conducted informally with little examination
of witnesses, no documents were submitted for review, and there was no record. 
According to the arbitrator’s testimony before the trial court, the “whole
thing was done by agreement.”  Irrespective of Bourgoin’s characterization of
the proceeding, Bourgoin waived any objection to the arbitrator’s award by
failing to object to the award for over two years. 

1. 
Standard of Review

“Review of an arbitration
award is “extraordinarily narrow,” and we must indulge every reasonable
presumption in favor of upholding the arbitration award.”  Stieren v.
McBroom, 
103 S.W.3d 602, 605 (Tex. App.—San Antonio 2003, pet. denied) (citing Cooper
v. Bushong, 
10 S.W.3d 20, 24 (Tex. App.—Austin 1999, pet. denied)); accord J.J. Gregory Gourmet Servs., Inc. v.
Antone’s Import Co., 927 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1995,
no writ).  “Review is so limited that an arbitration award may not be vacated
even if there is a mistake of fact or law.”  Vernon E. Faulconer, Inc. v.
HFI, Ltd. P’ship, 970 S.W.2d 36, 39 (Tex. App.—Tyler 1998, no pet.).  In
suits affecting the parent-child relationship, Section 153.0071(b) specifically
grants the trial court the authority to substitute its judgment for that of the
arbitrator only upon a determination that it is in the best interest of the
child.  See Tex. Fam. Code Ann.
§ 153.0071(b) (Vernon 2009).  The trial court made no such determination
in this case.

2. 
Waiver

The
arbitration agreement in this case was governed by both the Texas
General Arbitration Act and the Family Code.  See Tex. Civ. Prac. & Rem. Code Ann. § 171.001
(Vernon 2005); See Tex. Fam. Code
Ann. § 153.0071(b) (Vernon 2009); Kilroy v. Kilroy 137
S.W.3d 780, 786 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (“[I]t is helpful
to consider both provisions in concert. . . .”); In re Cartwright, 104
S.W.3d 706, 712 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding).  Any
application to vacate, modify, or correct an arbitration award must be made “not
later than the 90th day after the date of delivery of a copy of the award to
the applicant.”  See Tex. Civ.
Prac. & Rem. Code Ann. §§ 171.088(b), 171.091(b) (Vernon 2005).
 Having waited for over two years before complaining of the arbitrator’s award,
Bourgoin has waived his right to contest the award. 

Therefore,
the arbitrator’s award is valid, and we next address whether the trial court
exceeded its authority in entering the Order based in part on the arbitration
award.

B.  Trial
Court’s Order

1.  Conflict Between the Court’s Order and the Mediated Settlement
Agreement

 

            Bourgoin’s
main complaint is that both the arbitrator’s award and the Order conflict with
the Mediated Settlement Agreement, and therefore the Order is invalid.  To the
extent the arbitrator’s award resolved disputes arising from the Mediated
Settlement Agreement, the arbitrator’s award controls for the reasons discussed
above.  Bourgoin cannot complain that the trial court’s Order varies from the
terms of the Mediated Settlement Agreement when the terms complained of were
amended by the arbitrator’s award.  Bourgoin complains of only one unchanged
term of the Mediated Settlement Agreement that was modified by the Order—the court’s
characterization of certain property as “community” thereby implying the
parties were married, which implication was contrary to the express terms of
the settlement agreement.[2] 
We hold that the trial court erroneously characterized, as community property,
some of the parties’ property in the Order.[3]
 We need not address whether such error would be sufficient, in itself, because
other errors, discussed below, warrant reversal. 

2.   Trial Court’s Order Based on Arbitration Award and In Suit
Affecting the Parent Child Relationship

 

“An
arbitration award has the same effect as a judgment of a court of last resort,
and a trial court may not substitute its judgment for the arbitrator’s merely
because it would have reached a different decision.”  Stieren v. McBroom,
103 S.W.3d at 605.  “A final judgment founded upon a settlement agreement
reached by the parties must be in strict or literal compliance with that
agreement.”  Vickrey v. Am. Youth Camps, Inc., 532 S.W.2d 292, 292 (Tex. 1976) (per curiam); accord Nuno v. Pulido, 946 S.W.2d 448, 451 (Tex.
App.—Corpus Christi 1997, no writ) (applying Vickrey to arbitration and
explaining that “the trial court acts in a ministerial capacity in entering
judgment”).  Under the Family Code, the trial court must enter an “order reflecting
the arbitrator’s award” unless it finds the award not in the best interest of
the child.  See Tex. Fam. Code
Ann. § 153.0071(b) (Vernon 2009).  Once the parties have consented
to arbitration, “[the] court has no power to supply terms, provisions, or conditions
not previously agreed upon by the parties.”  Rosales v. Rosales, No.
04-05-00906-CV, 2006 WL 2955602, at *1 (Tex. App.—San Antonio Oct. 18, 2006,
pet. denied) (mem. op.) (quoting Donzis v. McLaughlin, 981 S.W.2d 58, 63
(Tex. App.—San Antonio 1998, no pet.).  Absent a determination that the
award is not in the best interest of the child, any trial court judgment
extending beyond the terms of the parties’ agreement, shall be reversed and
remanded back to the trial court.  See Tex.
Fam. Code Ann. § 153.0071(b) (Vernon 2009); Vickrey, 532
S.W.2d at 292-93.

Here,
the trial court did not find the arbitration award was against the best
interest of the child.  Absent such finding, the trial court was bound by the
terms of the award.  See Tex.
Fam. Code Ann. § 153.0071(b) (Vernon 2009) (“[T]he court shall
render an order reflecting the arbitrator’s award unless the court determines
at a non-jury hearing that the award is not in the best interest of the child.”). 
 

Bourgoin
argues the trial court modified the arbitration award in several different
ways.  Specifically, Bourgoin complains the Order: (1) failed to dispose of
items in the arbitrator’s award including a brooch; (2) changed the restrictions
on the primary residence of the child; (3) required owelty of partition; and
(4) characterized property of the parties as community contrary to the parties’
Mediated Settlement Agreement.  Without question, the trial court’s order is
not in strict compliance with the arbitration award.  See Vickrey,
532 S.W.2d at 292-93; Chisholm v. Chisholm, 209 S.W.3d 96, 98 (Tex. 2006) (“[T]he judgment improperly removed and added material items.”).  Because the
terms of the trial court’s judgment are inconsistent with the terms of the arbitration
award, the judgment is unenforceable.  Rosales, 2006 WL 2955602, at *2; Donzis,
981 S.W.2d at 63.  We, therefore, hold the trial court abused its discretion in
improperly modifying the arbitration award, and Bourgoin’s issue regarding the
court’s expansion upon the arbitrator’s award is sustained.

Conclusion

The
record establishes the parties agreed to arbitrate and the document entitled
Arbitration was, in fact, a binding arbitration award.  By failing to timely
object to the award, Bourgoin was bound by its terms.  Absent a determination
that the arbitrator’s award was not in the best interest of the child, the
trial court abused its discretion by modifying the arbitrator’s award in its
Order.  We, therefore, vacate the Order Based on Arbitration Award in Suit
Affecting the Parent-Child Relationship and remand this matter to the trial
court for further proceedings consistent with this opinion.

Rebecca Simmons,
Justice

 








 

 









[1] We do not address the absence of a
written agreement to arbitrate as appellant does not raise the issue or dispute
the parties’ agreement to enter into binding arbitration. 





[2] The Mediated Settlement Agreement
states:  “The parties agree that they are not now married, nor have they ever
been married to each other.”





[3] The Order is internally inconsistent
in that it acknowledges that the parties are not married, but characterizes
some property as community in its division of assets.