ACCEPTED
05-15-00589-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
11/25/2015 11:45:27 PM
LISA MATZ
CLERK

**No. 05-15-00589-CV**
**IN THE COURT OF APPEALS FOR THE**
**FIFTH DISTRICT OF TEXAS**
**AT DALLAS**

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

11/25/2015 11:45:27 PM

LISA MATZ
Clerk

**Estate of Alan Morgan Humphrey, Deceased**

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No PR-13-02943**

**BRIEF OF APPELLANT**
**Denna M. Shaw**
**Pro Se**
**3650 Asbury**
**Dallas, TX 75205**
**(P) 214.219.1312**
**denna3644@yahoo.com**

**APPELLANT**

**Oral Argument Requested**

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| 1. Plaintiff/Appellant: | Denna M. Shaw |
| Trial counsel: | None |
| Appellate counsel: | None |
| 2. Defendants/Appellees: | Roger Humphrey<br>George Abney |
| Trial counsel: | Brandy Baxter Thompson<br>Calloway, Norris, Burdette & Weber, PLLC<br>3811 Turtle Creek Blvd., Suite 400<br>Dallas, Texas 75219<br><br>Nathan Griffin<br>D. Woodard Glenn, P.C.<br>2626 Cole Avenue, Suite 510<br>Dallas, TX 75204 |
| Appellate counsel: | Unknown |

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL**.................................................. ii

**TABLE OF CONTENTS** ….................................................................. iii

**INDEX OF AUTHORITIES** ….............................................................. v

**STATEMENT REGARDING ORAL ARGUMENT** ................................. vii

**STATEMENT OF THE CASE** ............................................................. viii

**ISSUES ON APPEAL** ....................................................................... x

**STATEMENT OF FACTS** ................................................................. 1

**SUMMARY OF ARGUMENT** ............................................................. 9

**ARGUMENTS AND AUTHORITIES** ...................................................... 10

.................................................................. 29

**PRAYER** ....................................................................................... 29

**CERTIFICATE OF COMPLIANCE**....................................................... 33

**CERTIFICATE OF SERVICE**…………………………………………… 33

**INDEX OF AUTHORITIES**

**Cases**

*In the Estate of Joseph T. Marek, II,*
No. 05-13-01008-CV (Tex. App.—Dallas 2014) (mem. op)  ..................

*Fitzgibbon v. Hughes*
No. 04-13-00261-CV, (Tex. App.—San Antonio 2014)(mem. op.) ........

*Vickery v. Am. Youth Camps, Inc.,*
*532 S.W. 2nd 292 (Tex. 1976) (per curiam)…………………………………*

**Rules**

Texas Rules of Professional Conduct

Vi

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument. Appellant believes that the opportunity for to be heard and answer questions would better help the Court to address the issues. Appellant feels that she would be better able to discuss her argument as opposed to writing it in a form unfamiliar to her.

## STATEMENT OF THE CASE

After the death of Alan M. Humphrey, Appellant Denna Shaw (Shaw) filed a Petition for Declaratory Judgement and Application for Preliminary Injunction (CR5-) Shaw sought a judgment that she was the spouse of Alan M. Humphrey. Shaw's attorney never asked the court to approve the Injunction.

Roger Humphrey, brother to Alan M. Humphrey, filed a response denying that Denna M. Shaw was the wife of Alan Humphrey or that she was

entitled to any ownership of the estate outside of what was left to her in Alan Humphrey's Last Will and Testament. (CR-24) The executor, George Abney did not participate in this action.

The executor and Humphrey ignored the claim against the estate and proceeded to administer the estate as they saw fit even though there was a claim against the estate.

The case was set for trial, but due to Shaw's mother becoming ill and the trial was postponed until July 21, 2014. On July 21, 2014, Shaw came ready for trial, but was railroaded into accepting what she now knows is a purported family settlement agreement. The purported agreement was read into the record and included a contingency and time to accept from a beneficiary who was not a party to the suit, G. Alex Carlson. One named beneficiary, Scott Humphrey, was totally left out of the agreement and not mentioned at all in the discussion on the record.

The court did not at that time render judgment. (CR-54 lines 5-20) Mr. Carlson declined to accept their offer by the time required. Carlson sent his refusal to accept the purported agreement by email to Roger Humphrey's attorney, by email on August 20, 2014. (CR-68-70) and hired his own attorney.

Roger Humphrey then filed a Joint Motion for Entry of Judgment Based on

Settlement Agreement. (CR 29) Thereafter Shaw filed a Motion to Withdraw Settlement Agreement. (CR 62)  Shaw's attorney withdrew  at the end of July 2014.

Kevin Spencer filed their notice of appearance on behalf of George Alexander Carlson (Carlson) on September 25, 2014. (CR-72) Shortly after Roger Humphrey filed a Supplement to Defendant's Original Answer to Plaintiff's Original Petition, Counterclaim, and request for Disclosure, adding a claim for Breach of Contract. (CR-74-80)

During a hearing the trial court did not know if the purported settlement agreement could be enforced and asked the attorney's to brief the issue. Spencer Law filed their brief (CR-105-111) but opposing counsel did not.

A trial was scheduled for January 2015, but notice was not sent to Carlson's attorney of record. Once Carlson's attorney found out about the hearing and lack of notice, they filed a Plea in Intervention on Carlson's behalf, which was followed by a Motion to Strike by Roger Humphrey's attorney. (CR-150) The Motion was granted by the court. At trial, the court ruled against Shaw. A final judgment was signed on February 10, 2015. Following the granting of the judgment, Shaw filed a Motion for New Trial. (CR-185-227)  Notice of Appeal to the 5th Court of Appeals was filed on

May 8, 2015. (CR-228)

The appellate record consists of the electronically filed one volume Clerk's Record, consecutively numbered pages 1 – 242 and the electronically filed three volume Reporter's Record.

## ISSUES ON APPEAL

Did the trial court abuse its discretion in enforcing a purported settlement agreement when the conditions precedent to formation were not performed?

Did the trial court abuse its discretions when enforcing a purported settlement agreement that was not in strict or literal compliance with the agreement read into the record?

Did the trial court abuse its discretion in enforcing a purported family settlement agreement in a probate matter when all parties were not in agreement?

Did opposing counsel make statements in pleadings which they knew were misleading, untruthful and not based on facts? Did this cause harm to Shaw?

Did the trial court deny Shaw her right to put on her case? Were Shaw' due process rights denied?

Did the trial court abuse its discretion when G. Alex Carlson was denied his right to intervene and be heard as an interested party?

x

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF FACTS**

1.  Alan M. Humphrey, husband of Denna M. Shaw completed suicide on April 20, 2013.  Shaw discovered his body. Shaw was in total shock. Humphrey had been ill for some time (he was granted disability in 2008) and on a large amount of medication for chronic pain, which caused him to be housebound and bedridden for months at a time. Due to his illness and inability to function normally, Shaw looked after Humphrey's

needs. Humphrey's family knew he was fragile and on medication.

2. It should be noted that Roger Humphrey and Alan Humphrey were not close and had a very contentious relationship, especially when it came to Alan's stance on his family. For example since moving to our present home in 2008, not one member of the immediate Humphrey family has ever visited. Roger Humphrey had no personal knowledge of what or how Alan Humphrey and Shaw conducted their personal lives or their business. Interestingly Roger Humphrey, on finding out about Alan Humphrey's death came to Dallas from his out of state home in a blaze of speed that would make Carl Lewis proud. Much like the family in the Joseph T. Marek case(No. 05-13-01008-CV) heard by this court, on arriving in Dallas, Roger Humphrey set about to make sure that Shaw was not going to receive what she was entitled to and told she would receive.

3. Shaw was forced to file a case in probate court to preserve her rights.(CR-5)It is uncontroverted that Shaw and Humphrey had lived together continuously from 1998 until Humphrey's untimely death. It is uncontroverted that Shaw and Humphrey represented to others that they were married and were thought of as such by the community as evidenced by affidavits. (CR-12-22) However, Roger Humphrey seems to think that only his thoughts and/or those of the other Humphrey members, all

interested parties with something to gain matter over uninterested community members who do not stand to profit and who interacted with Denna and Alan over a number of years.

4. Shaw hired an attorney and expected him to properly handle her case, however he ramrodded Shaw into agreeing to a purported settlement agreement. (CR-37-55)

5. The purported settlement read into the record contemplated a release from Shaw and MR. ALDOUS:

"Alex Carlson who is one of the residuary beneficiaries who is Ms. Shaw's son. In exchange for a *release from those two* as flowing to the estate….." (CR-39, Lines 12-15) In exchange for that, Ms. Shaw will waive any and all claims to the estate and that is also contemplated for Alex Carlson. That *they* will not make any more claims…" (CR-39, lines 20-23)

6. Further noted on the record is the fact that "All of this is agreed to by Ms. Shaw; however Mr. Carlson, who is of the age of majority has to consult with his attorney and will have to agree to any of these terms" (CR-40, lines 22-25)

7. (CR-43, lines 4-11) "And in terms of a deadline for Mr. Carlson to either accept or reject, I did not discuss that with them other than I know that the lawyer he's been consulting with is out until Wednesday. I would ask for – until midweek next week.
MR GRIFFIN: How about the end of business on Monday, would that be sufficient?
Mr. ALDOUS: I think that's sufficient.

MR. GRIFFIN: …it goes without saying, but I'd say it anyway, that this matter will be dismissed with prejudice.
MR. ALDOUS: Correct

THE COURT: The action now pending before the court cause number we're talking about today will be dismissed with prejudice. (CR-43, lines 14-19)

8. MR. GRIFFIN: And you understand that you've agreed to accept the home at 3650 Asberry paid up-to-date at the time of the transfer to you in exchange for waiving any other claims you might have against the estate?

A. Correct

Q. And you understand that your son Alex has to have his own separate agreement to also agree to have that home deeded to both you and he?

A. Yes (CR-45, lines 4-12)

9. MR. GRIFFIN: And you understand that you will have no further claims against the estate after this proceeding, after this agreement, *if it becomes final*? (CR-46, lines 2-4)

10. The court did not render judgment at the conclusion of the hearing stating: Now we're finished.
Mr. ALDOUS: Thank you, Your Honor.
THE COURT: Thank you all for your efforts in this case. I know it has been a somewhat arduous undertaking.
MR. GRIFFIN: Thank you.
MS. THOMPSON: Thank you, Judge (CR-54, lines 13-19)

11. After the hearing a document was produced to Denna Shaw which was not in conformity with the purported settlement agreement read into the record. In addition to additional language not discussed or agreed to on the record, Alex Carlson did not agree to participate.

12. After Carlson did not agree to participate in the purported settlement agreement and after Shaw refused to sign a document that was not in

compliance with the record Roger Humphrey filed a petition with the court complaining that "To date, all Parties have signed the Settlement Agreement except for Denna Shaw" (CR-30, #6) Which was untrue. George Alexander Carlson, who was included in the original documents produced for signature also did not sign. Also, the original document listed clearly lists George Alexander Carlson as a Party.

In addition R. Humphrey complains that is "consistent with the settlement agreement read into the record" yet failed to produce a document that was consistent with the record.

13. After Carlson refused to sign and hired representation, Shaw withdrew her agreement. The Humphrey's attempted to enforce the purported settlement agreement and totally ignore the fact that a person who they stated must also agree did not agree.

14. Roger Humphrey then filed a Supplement to Defendant's Original Answer to Plaintiff's Original Petition, Counterclaim, and request for Disclosure (CR-74) stating "Denna and George Alexander Carlson will receive the following property" omitting the need for G. Alex Carlson's signature and approval to put the deed in both names. (CR-75) Adding language about a storage that was not mentioned or discussed at the hearing (CR-75, 4a-iii)  Stating that "Denna or Alex shall be responsible for

any and all costs associated with the Stored Personal Property" (CR-75, 4f) and (CR-76, 4j) Denna shall assume all debt related to 3650 Asbury, including taxes, insurance and the mortgage. All outstanding expenses will be paid up to date at the time of transfer of property to Denna and Alex. Again transferring debts, and property to Alex that, according to the record required Alex to agree. Alex was included on the deed without his specific approval and that is a violation of what opposing counsel stated was a requirement.

15. Roger Humphrey asserted a Breach of Contract claim against Shaw, but Shaw is not required to perform as there was no contract to breach. The purported agreement was not rendered. It was not intended to be final as evidenced by opposing counsel's own words "if it becomes final" with no objection by attorney's. Not a one. It was clear Alex Carlson was required to agree sign off in order to have the deed placed in both names and have the house transferred.

16. In addition, a family settlement agreement in probate requires for all to agree. Even if Denna and Alex Carlson signed the 'agreement' it would fail because another beneficiary who stood to have his share altered was not included. Counsel tries to get around that by stating something to the effect of he (Scott Humphrey) is in agreement without other proof. How

easy would that be for everyone? Someone could just state…oh he or she agrees. I have not found any information that supports that reasoning.

17. A trial date was ultimately set attempting to enforce the purported agreement by a Breach of Contract claim. A notice was not sent to Carlson or his attorney. Carlson's attorney filed a Plea in Intervention (CR-138), which was denied by Judge Peyton. After denial of the Plea in Intervention, the Breach of contract claim was heard by the Court. Although the "agreement" did not conform to what was read into the record, did not conform to a probate family settlement agreement (as all did not agree), Alex Carlson did not agree to participate, the Court disregarded this evidence and ruled in favor of Roger Humphrey ordering Shaw to pay damages.