**Julia Louise TINNEY, Individually and as Independent Executrix of the Estate of Lillie Addieville Tinney, Deceased, Appellant,**

v.

**Christine Tinney WILLINGHAM, Addiele Jennings, and Patricia Tinney Smith, Appellees.**

No. 2–94–108–CV.

Court of Appeals of Texas, Fort Worth.

April 27, 1995.

Richard H. Kelsey, Denton, for appellant.

William D. Tate, Grapevine, Douglas F. Austin–Weeks, Law Offices of William T. McGee, Fort Worth, for appellee.

Before LATTIMORE, DAY and PAUL S. COLLEY (Retired), JJ.

OPINION

LATTIMORE, Justice.

This is an appeal from an agreed judgment. In three points of error, appellant contends the judgment does not comport with the agreement reached by the parties, the trial court erroneously denied appellant a hearing on a motion for new trial, and there is no evidence to support the judgment. We hold that the trial court, by signing the judgment proposed by the appellees, altered the terms of the settlement agreement dictated into the record. Therefore, we reverse the judgment of the trial court and remand the case for a new trial.

This case originated when Christine Tinney Willingham, Addiele Jennings, and Patricia Tinney Smith ("appellees") filed suit on rejected claims against the Estate of Lillie Addieville Tinney. *See* TEX.PROB.CODE ANN. § 313 (Vernon 1980). The parties eventually agreed to settle their disputes and, on January 25, 1993, dictated the terms of their agreement into the record in open court pursuant to TEX.R.CIV.P. 11. After dictation of the settlement agreement, all parties stated, in open court, that they understood and agreed with the settlement. On January 11, 1994, appellees filed a "Motion For Judgment" in which they requested that the trial court sign and enter the judgment attached to the motion as "Exhibit A." That same day, Julia Louise Tinney, Individually and as Executrix of the Estate of Lillie Addieville Tinney ("appellant"), filed an "Objection To Proposed Judgment" that directed the trial court to specific instances where the judgment did not conform to the settlement agreement announced in open court.

On January 11, 1994, the trial court signed what purports to be an agreed judgment. Thereafter, on January 28, 1994, appellant filed a motion for new trial, alleging that the trial court erred in signing the judgment without a trial, that the judgment was not in accordance with the settlement agreement, that there is no evidence to support entry of judgment, and that the judgment was rendered without the presence of all necessary parties. Appellant also requested a hearing on the motion. By an order dated January 28, 1994, the trial court found a hearing unnecessary and denied the appellant's motion.

In her first point of error, appellant contends the trial court erred in signing the judgment because it did not conform to the settlement agreement dictated into the record in open court.[1] The general rule is that an agreement for judgment, like other agreements in a pending lawsuit, will ordinarily not be enforced "unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX.R.CIV.P. 11; *Kennedy v. Hyde,* 682 S.W.2d 525, 528–29 (Tex.1984); *Arriaga v. Cavazos,* 880 S.W.2d 830, 833 (Tex.App.—San Antonio 1994, no writ). When, as in this case, the trial court intends to render judgment on the parties' settlement agreement, the signed judgment must literally comply with the terms of agreement. *Wyss v. Bookman,* 235 S.W. 567, 569 (Tex.Comm'n App.1921, holding approved); *Vickrey v. American Youth Camps, Inc.,* 532 S.W.2d 292, 292 (Tex.1976); *Arriaga,* 880 S.W.2d at 833.

In our opinion, the judgment proposed by appellees, and eventually signed by the trial court, conflicts with the settlement agreement dictated in open court in numerous respects. Therefore, the trial court, by signing appellees' proposed judgment, in effect altered the settlement agreement dictated into the record. Consequently, the judgment is unenforceable. *See Vickrey,* 532 S.W.2d at 292; *Delta Drilling Co. v. Cruz,* 707 S.W.2d 660, 669 (Tex.App.—Corpus

---

1. During oral argument, the parties expressed a willingness to negotiate a potential resolution to this issue. Eager to facilitate a bipartisan resolution, we held this case in abeyance pending further negotiations. Unfortunately, the parties, for whatever reason, were unable to mutually agree on an acceptable judgment.

Christi 1986, writ ref'd n.r.e.). A trial court has no power to supply terms, provisions, or details not previously agreed to by the parties. *Travelers Ins. Co. v. Williams,* 603 S.W.2d 258 (Tex.Civ.App.—Corpus Christi 1980, no writ); *see also Dodson v. Seymour,* 664 S.W.2d 158, 160 (Tex.App.—San Antonio 1983, no writ). Because the trial court erred in signing the appellees' proposed judgment, appellant's first point of error is sustained.

Based on our resolution of point of error one, we need not address appellant's second and third points of error.

█ Accordingly, we reverse the judgment of the trial court and remand the case for a new trial.[2]

2. Had the trial court "rendered" judgment at the time the settlement agreement was dictated into the record, we would have simply remanded this case for entry of judgment in accordance with that agreement. However, at the close of the settlement hearing, the trial court stated:

> I've heard the agreement of the parties, and *I will approve* that agreement and adopt that as my order settling all these matters in this estate. So just render that in writing with everybody's signature. Since a release is involved, you know, everyone's signature I think is definitely necessary. But that and also then my order for my signature after everyone's [sic] has had a chance. *That will be my order then.* [Emphasis added.]

It is apparent from these statements that the trial court contemplated rendition of judgment at some time in the future. Rendition of a judgment is a present act that decides the issues upon which the ruling is made. *Reese v. Piperi,* 534 S.W.2d 329, 330 (Tex.1976). Absent an expression of words of action indicating a present intention to render judgment, rendition does not occur. *Intercoastal Warehouse Corp. v. Clear Lake Nat'l Bank,* 795 S.W.2d 294, 295–96 (Tex. App.—Houston [14th Dist.] 1990, dism'd w.o.j.); *but see Kelley v. Pirtle,* 826 S.W.2d 653 (Tex. App.—Texarkana 1992, writ denied) (trial court's statements that agreement would be reduced to writing and incorporated in form of judgment were merely instructions to attorneys and did not express intent to render judgment in the future).